

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2009

# Pondexter v. Dept of Housing

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4431

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Pondexter v. Dept of Housing" (2009). *2009 Decisions.* Paper 1460.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1460

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4431

_____

EARL A. PONDEXTER,
                                                    Appellant

v.

DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; ALLEGHENY
COUNTY HOUSING AUTHORITY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 01-2161)
District Judge:  Honorable David S. Cercone

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 17, 2009

Before: FISHER, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: April 29, 2009)

_____

OPINION

_____

PER CURIAM

      Earl A. Pondexter appeals from an order of the United States District Court for the

Western District of Pennsylvania denying his motion to reconsider the District Court's

order granting summary judgment in favor of defendant Allegheny County Housing

Authority (ACHA).

On October 15, 1997, Pondexter applied for a Section 8 voucher administered by ACHA. The voucher never issued. In November 1998, Pondexter filed a second application and a voucher issued on November 24, 1998. On March 24, 1999, ACHA determined Pondexter was not eligible for the two-bedroom unit as a disability accommodation, and that the voucher had issued in error. Pondexter admits he knew as of that date that ACHA had found him ineligible. He requested a grievance hearing, but failed to attend. On May 7, 1999, he filed a Housing Discrimination Complaint with the Office of Fair Housing and Equal Opportunity. ACHA subsequently considered new information regarding Pondexter's psychological disability and his son and determined he was eligible for the desired voucher as of June 1999. ACHA notified Pondexter of his eligibility, but Pondexter refused the voucher, indicating his preference to file a federal law suit. The Office of Fair Housing and Equal Opportunity completed its administrative investigation in October 1999, concluding that ACHA had not denied Pondexter a reasonable accommodation.

On November 15, 2001, Pondexter filed a pro se action in the District Court against the Department of Housing and Urban Development ("HUD") and ACHA. Pondexter alleged that ACHA failed to issue him a Section 8 voucher for a two-bedroom apartment, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., the Fair Housing Act, 42 U.S.C. § 3601 et. seq., Section 504 of the Rehabilitation Act of

2

1973, 29 U.S.C. § 794, and 42 U.S.C. § 1983. The District Court granted HUD's motion to dismiss. In 2003, ACHA sought to amend its answer to include a statute of limitations defense. In 2006, the District Court permitted ACHA to move for summary judgment on the statute of limitations issue. Concluding that Pondexter's claims were time-barred, the District Court granted ACHA's motion and closed the case. After the District Court denied Pondexter's timely motion to reconsider, Pondexter timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We review a District Court's order granting summary judgment de novo. MBIA Ins. Corp. v. Royal Indem. Co., 426 F.3d 204, 209 (3d Cir. 2005). Summary judgment is proper only if it appears "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

In his notice of appeal, Pondexter asserts that this matter was scheduled for trial in 2004, but that the District Court improperly granted summary judgment to ACHA on the basis of the statutes of limitations late in the course of the litigation.[1] Pondexter primarily objects to the belated nature of ACHA's motion for summary judgment, and the District Court's willingness to entertain such a motion on the proverbial eve of trial.

The statute of limitations for claims under the FHA, ADA, Section 504 of the Rehabilitation Act and § 1983 is two years. See 42 U.S.C. § 3613(a)(1)(A) (FHA claim);

---

[1]Pondexter does not raise any arguments as to the earlier dismissal of his claims against HUD. Therefore, we will not review the District Court's order granting HUD's motion to dismiss.

3

Disabled in Action v. SEPTA, 539 F.3d 199, 208 (3d Cir. 2008) (claims under Title II of the ADA and Section 504); Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993). Pondexter does not dispute that he knew of the harm alleged – ACHA's denial of a voucher for a two-bedroom apartment – on March 24, 1999, and that the Office of Fair Housing and Equal Opportunity sent Pondexter a letter on October 14, 1999, stating that the investigation had been concluded. Therefore, Pondexter's claims accrued more than two years before he filed suit, and all of his claims are time-barred.[2]

The District Court's decision to consider ACHA's belated summary judgment motion was not an abuse of discretion under the circumstances of this case because Pondexter suffered no prejudice, as understood in our case law.[3] The statute of limitations is an affirmative defense and failure to raise it in an appropriate responsive pleading or motion may result in waiver. Fed. R. Civ. P. 8(c); Chainey v. Street, 523 F.3d 200, 209 (3d Cir. 2008). However, waiver is not automatic, and the statute of limitations may be asserted after an answer has been filed, where the non-movant would not suffer

_____

[2]Pondexter asserts that he received several letters from HUD after the October 14, 1999 letter, including a December 12, 2000 letter indicating that his claim had been investigated and "was being closed." Pondexter relies on this language to suggest that the administrative proceedings continued – and the statute of limitations on his FHA claim was tolled – until that date. The October 14, 1999 letter states that Pondexter's claim was investigated, it was found to lack merit and the case was closed. The letter further states that FHEO lacks jurisdiction to take further action. We believe this language should have put Pondexter on notice that the administrative proceeding had ended.

[3]We review a District Court's decision on the question of waiver for abuse of discretion. Cetel v. Kirwan Fin. Group, Inc., 460 F.3d 494, 506 (3d Cir. 2006).

4

prejudice. <u>Cetel v. Kirwan Fin. Group, Inc.</u>, 460 F.3d 494, 506 (3d Cir. 2006). Pondexter, who was put on notice in 2003 that ACHA sought to assert a statute of limitations defense, had ample time to explore the issue and prepare a response to ACHA's motion for summary judgment in 2006. <u>Id.</u> Therefore, Pondexter suffered no prejudice by ACHA's delay, and the District Court properly granted summary judgment on Pondexter's claims.[4]

For these reasons, we will affirm the order of the District Court. Pondexter's motion to stay the appeal is denied as moot.[5] ACHA's motion for leave to file a surreply is granted.

---

[4] In arriving at these conclusions, we have considered Pondexter's Memorandum on Supreme Court precedent.

[5] In his appellate brief, Pondexter offers no substantive arguments relevant to our review of the District Court's order. Instead, he attacks an order in a related, but separate, matter before a different District Judge, alleges the existence of a conspiracy among judges of the Western District of Pennsylvania, faults the U.S. Attorney for failing to intervene to "abate the [constitutional] violations" alleged, and generally alleges corruption and judicial misconduct. We decline to comment on such allegations.